IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


RACHEL A. MANNING                                                    PLAINTIFF


v.                                    CIVIL NO. 25-3061


FRANK BISIGNANO, Commissioner
Social Security Administration                                       DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Rachel A. Manning, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her application for SSI on June 14, 2021, alleging an inability to work due to anxiety, bipolar disorder, panic attacks, a personality disorder, and post-traumatic stress disorder. (Tr. 108, 406). An administrative video hearing was held on September 26, 2023, at which Plaintiff appeared with counsel and testified.  (Tr. 81-106).

 In a written decision dated November 9, 2023, the ALJ determined Plaintiff retained the residual functional capacity (RFC) to perform sedentary work with limitations. (Tr. 130-144). On July 11, 2024, the Appeals Council vacated the ALJ's decision dated November 9, 2023, and remanded Plaintiff's case back to the ALJ to issue a new decision.  (Tr. 152-155).  A supplemental video hearing was held on January 14, 2025, at which Plaintiff appeared with counsel and testified. (Tr. 42-80).

By written decision dated March 31, 2025, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 20). Specifically, the ALJ found Plaintiff had the following severe impairments: anxiety, depression, posttraumatic stress disorder (PTSD) and degenerative disc disease of the lumbar spine with disc protrusion. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 20). The ALJ found Plaintiff retained the residual functional capacity (RFC) to

> [P]erform sedentary work as defined in 20 CFR 416.967(a) except occasional ladders, ropes, scaffolds, ramps, stairs, stoop, kneel, crouch, and crawl; office level noise (3) moderate; can understand, remember and carry out simple, routine, repetitive tasks; respond to usual work situations and routine work changes with occasional social interaction with the general public.

(Tr. 22). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a surveillance systems monitor, a document preparer, and a ticket checker. (Tr. 31-32).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on July 24, 2025. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 10, 12).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

2

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence. In making this claim, Plaintiff argues the following issues on appeal: 1) The ALJ failed to find Plaintiff meets the medical equivalency standard for a mental disorder under the Listings; 2) The ALJ erred by improperly disregarding Plaintiff's subjective complaints about her mental health by improperly relying on her reports of her daily activities; and 3) The ALJ improperly disregarded third-party testimony without making a specific credibility finding and by inappropriately finding the parent-child relationship created a conflict of interest. (ECF No. 10). Defendant argues the ALJ properly considered all the evidence, and the decision is supported by substantial evidence. (ECF No. 12).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. Plaintiff claims the ALJ erred in evaluating her impairments under Listings 12.04, 12.06, and 12.15. (ECF No. 14, pp. 8-9). Plaintiff has the burden of demonstrating her impairments meet the requirements of a given Listing. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). Upon review of the record, the Court finds substantial evidence supporting the ALJ's determination that Plaintiff's impairments did not meet or equal the requirements of any Listing. With respect to Plaintiff's RFC, the ALJ considered the medical assessments of treating, and non-examining agency medical consultants, Plaintiff's subjective

3

complaints, witness statements, and her medical records when she determined Plaintiff could perform sedentary work with limitations. With each medical opinion, the ALJ stated how persuasive she found each opinion and articulated the basis for her finding. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a surveillance systems monitor, a document preparer, and a ticket checker. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 8th day of May 2026.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

4